UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUAN CARLOS DELAPENA-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1317-JD-JEM |

OPINION AND ORDER

Juan Carlos Delapena-Lopez, a prisoner without a lawyer, filed a habeas petition to challenge his conviction for child molestation under Case No. 49D20-2207-F1-17576.[1] Following a trial, on January 19, 2024, the Marion Superior Court sentenced him to seventy-six years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Delapena-Lopez was convicted of child molestation under Ind. Code § 35-42-4-3(a)(1), which provides that a person, who is at least 21 years, who knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct with a child under fourteen years of age commits child molestation as a Level 1 felony. He argues that because the Indiana statute codifying the criminal offense of child molestation differs from the federal statute codifying the criminal offense of child

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

molestation, the Indiana statute is invalid, and the federal statute governs his conviction. He specifically observes that the federal statute did not include the perpetrator's age as an element of the offense. He relies on the Supremacy Clause and *Ping v. United States*, 130 U.S. 581, 605 (1889), for the proposition that "[t]he constitution and laws of a state, so far as they are repugnant to the constitution and laws of the United States, are absolutely void."

As an initial matter, Delapena-Lopez provides no citation for the criminal federal statute for child molestation, but the nearest analogue appears to be 18 U.S.C. § 2241(c). Significantly, the fact that Indiana includes the age of the perpetrator as an element of child molestation as a Level 1 felony cannot be fairly characterized as "repugnant" to 18 U.S.C. § 2241(c). The federal statute says nothing about what conduct the States might prohibit in their respective jurisdictions under the criminal offense of child molestation; it also does not purport to govern conduct that takes place solely within the respective jurisdictions of the States. To the contrary, the federal statute expressly limits its purview to incidents involving perpetrators who cross State lines, conduct "within the special maritime and territorial jurisdiction of the United States," and victims held in federal custody. Additionally, the separate criminal codes for the United States and for each of the individual States are entirely consistent with the dual sovereignty system of government established by the Constitution. *See Gamble v. United States*, 587 U.S. 678, 681, 689 (2019) (reaffirming the principle that "a State may prosecute a defendant under state law even if the Federal Government has prosecuted

him for the same conduct under a federal statute."). Consequently, the court cannot find that the Indiana statute codifying child molestation as a criminal offense is invalid.

Delapena-Lopez's petition also appears to be untimely and procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."); 28 U.S.C. § 2244(d)(1)(A) (one-year limitation begins to run when the conviction becomes final). He appears to assert actual innocence to overcome these procedural deficiencies. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). Actual innocence in the context of federal habeas law "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Delapena-Lopez does not offer any new evidence or even argue that he did not commit the offense of child molestation as charged and convicted. Consequently, his assertion of actual innocence cannot excuse the untimely and procedurally defaulted nature of his claim.

In sum, the court is inclined to find that Delapena-Lopez's sole habeas claim is meritless, untimely, and procedurally defaulted. However, in light of his *pro se* status, the court will grant Delapena-Lopez an opportunity to respond to the court's analysis of his claim rather than immediately denying the habeas petition.

As a final matter, the court observes that Delapena-Lopez has not resolved his filing fee status. To proceed with this case, Delapena-Lopez must resolve his filing fee status by either paying the filing fee in full or by filing a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS Juan Carlos Delapena Lopez to file a response to this Order and to resolve his filing fee status by November 6, 2026; and

(2) CAUTIONS Juan Carlos Delapena Lopez that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED on October 6, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT