UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUAN CARLOS DELAPENA-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1317-JD-JEM |

OPINION AND ORDER

Juan Carlos Delapena-Lopez, a prisoner without a lawyer, filed a habeas petition to challenge his conviction for child molestation under Case No. 49D20-2207-F1-17576. Following a trial, on January 19, 2024, the Marion Superior Court sentenced him to seventy-six years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In a prior order, the court reviewed the petition and found that the sole habeas claim was meritless, untimely, and procedurally defaulted. ECF 4. Nevertheless, the court allowed Delapena-Lopez an opportunity to address these concerns rather than immediately dismissing this case. *Id.* Delapena-Lopez has now filed a response, which the court will now consider. ECF 5.

In his response, Delapena-Lopez continues to argue that the Supremacy Clause invalidates the Indiana statute codifying his criminal offense, which, in in turn, invalidates his conviction, but the court adequately addressed this argument in the

prior order. Delapena-Lopez also argues that all Indiana statutes are constitutionally invalid because the Indiana Senate has only fifty members, while the United States Senate has one hundred members. It is not clear why Delapena-Lopez believes that the Constitution requires State senates to have precisely one hundred members. The Constitution says nothing about the organization of State legislatures, and, even the total number of United States senators has changed throughout American history as the number of States expanded from the original thirteen States to the fifty States comprising our nation today. *See* U.S. Const. Art. I § 3 ("The Senate of the United States shall be composed of two Senators from each State"). Having considered Delapena-Lopez's arguments, the court concludes that the petition is meritless, untimely, and procedurally defaulted. Therefore, the court will deny the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Delapena-Lopez to proceed further.

For these reasons, the court:

(1) DENIES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition is meritless, untimely, and procedurally defaulted;

(2) DENIES Juan Carlos Delapena-Lopez a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 18, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT